**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-11762

Non-Argument Calendar

————————————————

STEPHEN LYNCH MURRAY,

in his capacity as a taxpaying citizen
of Florida and the United States,

*Plaintiff-Appellant,*

*versus*

GOVERNOR, STATE OF FLORIDA,

official capacity, surviving change in officeholder,
known as "The Governor's Office",

CHIEF JUSTICE, SUPREME COURT OF FLORIDA,

Chief Justice Carlos G. Muniz or whomever answers
to the official capacity,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01993-CEM-DCI

————————————————

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Stephen Murray appeals the district court's order dismissing his *pro se* 42 U.S.C. § 1983 complaint alleging violations of his rights by the Governor of Florida and the Chief Justice of the Supreme Court of Florida ("Defendants"). In his wide-ranging and conclusory 120-page complaint, Murray claims that Florida's judicial and executive branches of government have permitted perjury throughout the state's criminal justice system, and he seeks declaratory and injunctive relief to "enjoin all present and future agents of the State of Florida from holding criminal hearings or spending taxpayer funds enforcing criminal-law orders, which are designed and created by Florida law without such process as is due to deter and mitigate perjury, in violation of enumerated and traditional rights and national contracts and subverting the jurisdiction of this Court, until such illegal processes are cured[.]" The district court dismissed the complaint for, among other things, lack of standing.

On appeal, Murray argues that the district court erred in dismissing his complaint for lack of standing because he had adequately demonstrated how Florida officials are engaged in an ongoing state witness perjury scheme that threatens to cause him future injury. After careful review, we affirm.

We review district court standing determinations *de novo*. *Tanner Adver. Grp., L.L.C. v. Fayette Cnty.*, 451 F.3d 777, 784 (11th Cir. 2006) (en banc).

Federal courts have a "'special obligation'" to satisfy that they have jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998). Pursuant to Article III of the United States Constitution, a federal court's jurisdiction is limited to active "'cases'" and "'controversies.'" *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). The case-or-controversy requirement implicates several justiciability doctrines, including standing. *Id.* When plaintiffs lack Article III standing, we "lack jurisdiction to consider the merits of their claims." *Gardner v. Mutz*, 962 F.3d 1329, 1344 (11th Cir. 2020).

A plaintiff who invokes the jurisdiction of a federal court bears the burden to show the elements of standing: (1) an injury in fact, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Tanner*, 451 F.3d at 791.

"An injury in fact consists of an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (citation modified). A "particularized" injury must affect the plaintiff in a personal and individual way, although "[t]he fact that an injury may be suffered by a large number of people does not of itself make that injury a nonjusticiable generalized grievance." *Id.* at 996; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 n.7 (2016).

Here, the district court did not err in dismissing Murray's case for lack of Article III standing because Murray failed to show

that he suffered an injury in fact, that Defendants' conduct caused his injury, or that the injury could be redressed by a favorable decision. *Tanner*, 451 F.3d at 791. Murray's allegation that Florida state officials are engaged in an ongoing perjury scheme, which he has witnessed over 50 times, is not an injury in fact because witnessing alleged perjury is not an invasion of a legally protected interest. *Trichell*, 964 F.3d at 996. Furthermore, Murray did not sufficiently demonstrate how the perjury scheme has personally harmed him, only stating in his brief that it threatens to cause him future injury. *Id*. Even if Murray did show an injury in fact, he did not demonstrate how Defendants' conduct caused it or request a plausible means for the court to grant him relief. *Tanner*, 451 F.3d at 791. Because Murray failed to show he suffered an injury in fact, that Defendants caused the injury, or that it could be redressed with a favorable decision, the district court correctly found that he lacked Article III standing. *Id*. Accordingly, we affirm and are without jurisdiction to consider the merits of his claims. *Gardner*, 962 F.3d at 1344.[1]

**AFFIRMED.**

---

[1] Moreover, because we affirm the district court's determination that Murray lacked standing to raise his claims, we need not address the district court's alternative ground for dismissal, Eleventh Amendment immunity.